Comstock, C. J.
The only direct evidence of the prisoner’s guilt was given by his accomplice, Griffin. It rvas a part of his story, that, on the night of the arson, he and *his confederates were at the house of William T. Huggins; that they went to bed there, at an early hour; that they afterwards got up, went and committed the crime, and then returned to bed in the same house. The defendant produced no evidence to show that he was not at the house of William T. Huggins on that night; and the judge instructed the jury, that they might, if they thought proper, take this omission into consideration, as a circumstance which corroborated the evidence of Griffin. To this instruction, the defendant excepted; the question wees raised, and the exception repeated in various forms, which do not require a particular statement.
On the argument in this court, it has been urged, that, inasmuch as no conviction could be had upon the uncorroborated evidence of Griffin, the prisoner was not put on -the defensive, and was not bound to contradict, even if he could, any of the circumstances related against him. To this it might be answered, that the witness was not wholly uncorroborated; there was other evidence, tending to strengthen his statement in several particulars. But there is no rule of law, which prevents a conviction on the testimony of an accomplice alone.[1] The utmost caution should,undoubtedly,be exercised; but juries are, nevertheless, at liberty to convict on the unsupported testimony of a confederate in the crime. Mr. Greenleaf *624 thus states the rule, and, we think, correctly: “ The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. It has been sometimes said, that they ought not to believe him, unless his testimony is corroborated by other evidence; and, without doubt, great caution in weighing such testimony is dictated by prudence and good reason. But there is no such rule of law; it being expressly conceded, that the jury may, if they please, act upon the evidence of the accomplice, without an)7 confirmation of his statement.” (1 Greenl. Ev. § 380.) What the author further says on this point, relates to the duty of the judge to give the proper advice to the jury in such cases. (See also, People v. Costello, 1 Denio 83; 1 Phillips’ Ev., Cowen & *Hill’s ed., 37; 1 Chit. Crim. Law 604.) Such being the rule, a case was made out for the consideration of the jury, and it follows, that more or less importance might well be attached to the omission of the accused to contradict the evidence, where, if it ivas not- true, contradiction was ivithin his poAver.[2]
But it is also urged, that corroborative evidence is, in its nature, affirmative, and that no corroboration could be derived from the mere omission of the prisoner to sIioav that the evidence of the accomplice was untrue in the particular referred to. The People, it is said, must convict upon the strength of their oivn case. No such proposition as this can be universal!)7 maintained. In this case, it Avould have been an unansAArerable impeachment of the evidence of Griffin, if the defendant had proved that he Avas not at the house of William T. Huggins, during the night in question. This avus a circumstance intimately connected Avitli the story which the accomplice told, and a credible contradiction of it Avould have over *625 thrown the whole statement. It is, moreover, a fair presumption, that contradiction was within his power; some of the Huggins family might testify, if such was the fact, that the defendant was not there; and he might have proved by others, that he was somewhere else. I apprehend, that a person accused of firing a barn on a given night, if the accusation be false, can generally show, if it be material, that he and his supposed confederates did not pass the night at a particular house in the neighborhood, not Ms own. At all events, these were considerations for the-jury; and if they believed that the defendant had it in> his power to contradict this part of Griffin's evidence, if it was false, they might regard his omission to do so as,, in some degree, strengthening the evidence of his guilt.[3] It is true, that the fact which he ought to have disproved,, if he could, did not amount to direct evidence of the crime charged upon him. It was, nevertherless, a. very material circumstance in the evidence against him, that lie and his confederates had their rendezvous at a certain house, where they passed the night, except during that portion of it while they were engaged in committing the offence. If he could disprove this circumstance,, but made no attempt *to do so, the omission most certainly imparted a higher degree of credibility to the statement of the accomplice, and might justly influence the belief of the jury as to the truth of that statement.
We are of opinion, that the exceptions to the charge were not well taken, and that the judgment should be affirmed.
Judgment affirmed.

 See People v. Haynes, 55 Barb. 450; People v. Lawton, 56 Ibid. 126; Yuguanzo v. Salomon, 3 Daly 153; Maurice v. People, 9 Hun 113.

 The rule requiring the evidence of an accomplice to be corroborated, is one of practice, not of laxv; the jury may convict upon his uncorrobo rated testimony. Lindsay v. People, 63 N. Y. 143.

 The omission of the prisoner to account for his whereabouts,, at a particular time, to avoid the force of criminating circumstances, though not conclusive of the facts in dispute, is strong presumptive evidence against him, to be considered by the jury. Gordon v. People, 33 N. Y. 501. And; see Brulo v. People, 16 Hun 119.