[KINGS SPECIAL TERM, November 4 1867.    *Gilbert,* Justice.]

THE NEW YORK AND HARLEM RAILROAD COMPANY *vs.* THE FORTY-SECOND STREET and GRAND STREET FERRY RAILROAD COMPANY and others.

The interest which a city railroad company has in the streets or avenues through which its track is laid, is a right of way. Its franchise consists in its right to lay and use exclusively a railroad, subject to the duty of running public cars thereon. It has no interest in, or control over, that part of the street or avenue not occupied by its own road, except that common to the rest of the community, viz. that it shall be kept free and clear, for public use.

Such a company is not entitled to an injunction, to restrain another railroad company from laying a double track through the same avenue occupied by the plaintiffs' road—one track on each side of the plaintiffs' double track—leaving the plaintiffs' track in the centre of the avenue, and a single track of the defendants on either side, at a sufficient distance not to injure or practically interfere with the running of the plaintiffs' road.

THE plaintiffs, a railroad corporation, have a railroad running through certain streets in the city of New York, and in its course passing Fourth avenue, between Twenty-third and Fourteenth streets. The defendants are the proprietors of a railroad running from Fourth avenue west on Twenty-third street, and from Fourth avenue east on Fourteenth street. The defendants propose, and are about to connect their railroads on Twenty-third and Fourteenth streets, by laying connecting tracks on Fourth avenue, between Fourteenth and Twenty-third streets. Both branches of the defendants' road have a double track, and the plaintiffs have also a double track, and the defendants propose to lay their track in Fourth

avenue—one track on each side of the plaintiff's tracks. This would leave the plaintiffs' double track in the center of the street, and a single track of the defendants on either side. This would also leave twelve feet between the track of the defendants and the curb on each side. This proceeding is complained of by the plaintiffs as interfering with their use of their own property, in that it will obstruct the easy access to the plaintiffs cars from the sidewalks. The plaintiffs also allege that they cannot allow the defendants to use their (the plaintiffs) tracks, because their tracks are already fully occupied with the plaintiffs' own business. The plaintiffs also assume certain exclusive rights to the use of Fourth avenue for a railroad, under their agreement with the city, and claim that no right to lay a track in the street can be granted, unless with the consent of the city, or payment to the city therefor.

The defendants had commenced laying their track when the plaintiffs brought this action to restrain their so doing, and obtained a preliminary injunction. This injunction the defendants now move to dissolve.

*Moses Ely* and *H. W. Robinson*, for the defendants.

*H. F. Clark*, for the plaintiffs.

PECKHAM, J. The objection as to the legal passage of the act, under which the defendants claim is sufficiently answered on the point as to which it was assailed. So far as any right or claims of the city, or of the plaintiffs, through the city, are concerned, we must regard them as conclusively settled by the Court of Appeals in the case of *The People* v. *John Kerr et al.* (25 *How. Pr.* 258 ; 27 *N. Y. Rep.* 188.)

So far as the proposed action of the defendants would be injurious to the plaintiffs, by competition or otherwise than by directly taking the property of the plaintiffs, we must regard the question as settled by the case of *The Charles*

*River Bridge* v. *Warren Bridge*, in the Supreme Court of the United States, and also by the clause of the plaintiffs' charter, reserving to the state the right to alter or repeal their charter. (*Sherman* v. *Smith*, 1 *Black*, 587.)

The case, then, must turn on the one question, whether the running by the defendants of a track on either side of the plaintiffs' track is such an actual taking of the property of the plaintiffs as cannot be done without compensation; for, though there may be some question whether the crossing of the plaintiffs' track would not be such a taking as would require compensation, yet no such question is raised by the bill and answer or the papers on this motion. There is very little force, I think, in the objection that it is proposed to lay the defendants' track so near to the plaintiffs as to injure or practically interfere with their running. The track proposed is the same distance from the plaintiffs' track that the plaintiffs' tracks are from each other, viz. five feet. The interest which the plaintiffs have in Fourth avenue is a right of way; their franchise consists in their right to lay and use exclusively a railroad, subject to the duty of running public cars thereon. They have no control or interest whatever in that part of Fourth avenue not occupied by their own road, except that common to the rest of the community, i. e. that it shall be kept free and clear for public use.

All and any persons have a right to pass along said street. They cannot stop and obstruct it. The crowd of passers may be so great as, in itself, to be an obstruction, yet, so long as it is a moving crowd, whether of individuals or vehicles of any description, it is a legal use of the street. Were the defendants, then, about to run any number of omnibuses, or other ordinary wheeled vehicles, the plaintiffs could not complain. The injury to their own road might be as great or even greater than that which may accrue from the proposed action of the defendants, and yet, so long as their action was not malicious, it cannot be pretended that the plaintiff would have a right to complain.

Thiš shows that the consequence of which the plaintiffs complain, i.. e. difficulty of access to their cars, may exist, and the plaintiffs have no cause of action ; in other words, the fact may exist, and be no wrong. Can it, then, be claimed, that that, which, if caused by one means, is not wrong, becomes a wrong on being effected by another means ?

The use of a city street by a railroad for running public cars, has been decided to be a public use, the exclusive right to the track being controlled by the public right to the cars, that being, as the running of the defendants' cars would be, but an exercise by the public of the public right of way. The cars will not run, unless in obedience to the public wants, for, otherwise, they would not pay. Should they do so, for the mere sake of malicious annoyance to the plaintiffs, other questions would arise. If, then, after the running of the plaintiffs' road, the public retained a right to the use of the rest of the street, as a public street, and for public use, and if this proposed use by the defendants be, as has been decided, a public use, the plaintiffs have suffered no infringement of their rights or property, and the injunction must be dissolved, with $10 costs.

[NEW YORK SPECIAL TERM, October 28, 1864. *Peckham*, Justice.]