JOHN P. HIER, RESPONDENT, *v.* THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, THEODORE HOUSTON AND HORACE RUSSELL, ITS RECEIVERS, APPELLANTS.

*Conveyance of a lot by reference to a map — rights acquired by the grantee in streets appearing thereon — when such rights do not extend to portions of the streets beyond the parts immediately bounding the block in which the lot is situated.*

In 1853 the State of New York caused its lands lying north of Church street and west of Salina street, in the city of Syracuse, to be mapped for sale by B. F. Green, and copies of such map to be filed in the office of the state engineer and surveyor, and in the office of the clerk of Onondaga county. Thereafter the people of the State conveyed by letters patent lots 1 and 2, in block 8, as the same had been surveyed and were described in the said map of the said lands, to the plaintiff's grantor. The lots are situated on the south-east corner of Olive and Wallace streets. At about 240 feet east of Wallace street, and 150 feet east of the east line of the plaintiff's property, Olive street is crossed by Franklin street, which runs north and south, and is again crossed by Clinton street, at a point about 300 feet east of Franklin street.

The defendant acquired title to the block fronting on Olive street, between Franklin and Clinton streets. The whole of the said block is used by it for a depot, and the whole of Olive street, between Franklin and Clinton streets, is substantially occupied by it so as to be practically impassable for teams, this obstruction of the street being authorized by the legislature and the city of Syracuse in so far as they had power so to do. The situation of the plaintiff's premises was such as to permit of access to them over Wallace street without obstruction, and the obstruction of Olive street by the defendant was merely an inconvenience in one of the several ways of approach to the plaintiff's premises.

*Held,* that the plaintiff acquired no interest in that portion of Olive street, lying east of the block in which his lots were situated, which authorized him to maintain an action to recover damages for the obstruction of that portion of the street, or to enjoin the defendant from obstructing the same.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to restrain the defendant from obstructing a street in the city of Syracuse.

The court found that in the year 1853 the State of New York caused its lands lying north of Church street and west of Salina street, in the city of Syracuse, in the Onondaga Salt Springs Reservation, to be mapped for sale by B. F. Green, then city surveyor and engineer, and said map to be filed in the office of the state

engineer and surveyor, and a copy thereof in the clerk's office of the county of Onondaga, N. Y., on the 5th day of May, 1843. That the people of the State of New York, by letters patent dated December 29, 1865, and May 9, 1878, conveyed to the plaintiff's grantor lots 1 and 2 in block 8 of the lands lying north of Church street and west of Salina street, in the city of Syracuse, in the Onondaga Salt Springs Reservation, as the same has been surveyed and are described on the map of said lands made in 1853 by B. F. Green, on file in the office of the state engineer and surveyor, recorded in Onondaga county clerk's office July 10, 1878, in Book of Deeds 225, page 100; that by conveyances duly recorded in the said Onondaga county clerk's office, said lots 1 and 2, in said block 8, with the appurtenances, and according to said map made and filed by said B. F. Green in 1853, were conveyed to the plaintiff John P. Hier, his deed bearing date September 10, 1878, consideration expressed, $4,500; recorded in the clerk's office of the county of Onondaga, N. Y., September 12, 1878; that said Hier took possession of said lots 1 and 2, in said block 8, and erected eight houses thereon as dwellings, prior to the obstructing of Olive street by the defendant railway company; that said Olive street was used by plaintiff and his tenants and servants for ingress and egress to his said lots and dwelling-houses prior to the obstructing of Olive street by the defendant railway company; that plaintiff has a right of way over said Olive street for ingress and egress to his said lots and dwellings, and so has had since his conveyance in 1878. That the plaintiff's premises were and are situated on the south-east corner of Olive and Wallace streets, in such a manner as to permit access to them over Wallace street without obstruction. Franklin street crosses Olive street about 240 feet east from Wallace street, and about 150 feet from the easterly margin of plaintiff's property. Clinton street crosses Olive street about 300 feet easterly from Franklin street.

That the defendant the New York, West Shore and Buffalo Railway Company, in the construction of its railway, went in and upon said Olive street, and on said Olive street, particularly between Clinton and Franklin streets, and raised the grade of said Olive street from two to three feet, and placed its ties and rails thereon and across said Olive street in its usually traveled route, so as to practically close said.

Olive street to travel thereon, prior to the commencement of this action, without plaintiff's consent or appraisal or payment of damages.

That the railway company's depot building occupies the whole block between Franklin and Clinton streets facing on Olive street, and the whole of Olive street between Franklin and Clinton streets facing on Olive street is substantially occupied by the railroad company, so as to be practically impassable for teams. The tracks, as they pass westerly of Franklin street, leave Olive street in front of plaintiff's property substantially unobstructed, bearing off to the north of Olive street. The obstructions in Olive street complained of are in that part of the street between Clinton street and the westerly side of Franklin street. The depot building is situate back south-easterly from Olive street about 100 feet, and behind this depot building the railway company have left a space open for the use of the public, from Franklin to Clinton street, fifty feet wide. Noxon street lies south and about 300 feet from Olive street, so that there is a passage from plaintiff's property to Salina street in various ways, including the fifty feet passage-way behind the depot building, but not along Olive street, between Franklin and Clinton streets. That before commencing this action the plaintiff herein requested the said railway company to restore said Olive street, as near as possible, to its former condition, which said defendant did not do ; that plaintiff has sustained damages by reason of the acts of said defendant, said railway company, in the sum of $800.

The only title which the plaintiff ever acquired or claims to the *locus in quo*, whereon the obstructions complained of exist, or ever existed, is that which accrued to him by virtue of the deed from his grantors of said lots 1 and 2 of block 8. The obstructions complained of are authorized by the legislature and by the city of Syracuse and its common council, so far as the said legislature, the city and the common council had the power to authorize the construction of said defendant's railway over Olive street.

*Waters & McLennan*, for the appellants.

*Hunt, Leavenworth & Everson*, for the respondent.

BOARDMAN, J. :

The plaintiff is the owner of lots in block 8 facing on Olive street, situate between Wallace and Franklin streets. The defendant's

road crosses Olive street on an adjoining block P. B., between Franklin and Clinton streets, nowhere touching the plaintiff's premises. At the point of crossing Olive street, and opposite block P. B., the defendant by its depot obstructs Olive street. Such obstruction prevents the free use of Olive street as a public highway opposite block P. B. Olive street for a considerable distance is a public street by dedication, acceptance and user. Plaintiff's lots abut on and by his deed are bounded by said street. The plaintiff claims that he has a right of way over the whole length of Olive street, which constitutes an easement appurtenant to his lots, and that by reason of such obstruction such easement has been obstructed and the value of his lots impaired. The action is brought to recover such damages, or in default therefor an injunction against such use. This appeal is brought to review a judgment in favor of the plaintiff, giving him the relief demanded.

Had the plaintiff any easement appurtenant to his lots, in that portion of Olive street between Franklin and Clinton streets, beyond what the public possessed? As to the portion of Olive street in front of plaintiff's lots, and between Wallace and Franklin streets, no question is made.

The defendant's rights to obstruct Olive street opposite block P. B., are derived from the laws of the State and from the city of Syracuse. (The laws of the State, chap. 300, Laws of 1835; Laws of 1850, chap. 140, § 28, sub. 5, as amended by Laws of 1864, chap. 582, § 1.) The language used by the legislature does not in terms authorize the erection of buildings within a street, but it does contemplate the use of the street (chap. 133 of Laws of 1880; § 2 amending § 28, sub. 5 of chap. 140 of 1850), and in such a manner as to change the location of the street with the consent of the corporation of a city. In the present case the city of Syracuse has given its consent to the crossing and the obstruction complained of. As against the rights of the public in Olive street the provisions of the law and the consent of the city have conferred upon the defendant the right to such use of the street as is now being made thereof, it being assumed that compensation has been made to the owners *directly* affected thereby. If the plaintiff has a legal title by way of easement on that portion of Olive street, he has not been paid therefor, and whether he has or has not is the question

to be determined. If the plaintiff has such an easement, for which pay may be demanded of the defendant, it will follow that every owner of land fronting on Olive street has a like interest and is equally entitled to be paid therefor  If it be true of Olive street it must be true of every other public highway, because there is no distinction between a highway originating by dedication, acceptance and user and any other public highway. (Wash. on Easements, * 145, § 25 ; *Mercer* v. *Pittsburgh, etc., R. R. Co.*, 36 Penn., 99.)

Plaintiff's theory has not, we think, been the understanding of the profession, nor has such been the practice in acquiring title by right of eminent domain.  The persons deemed legally interested by a railroad crossing are those, and those only, whose lands are *directly* within the line of the track.  It has often been adjudged that such lands only suffer damages by the location of a railway track as are touched by it.  Thus the owner of a lot in a city, not touched by it, may not recover damages, however much its location may be injured thereby. (*Radcliff* v. *Mayor, etc.*, 4 Comst., 195.)

But we are of the opinion that the plaintiff acquired no interest in Olive street beyond the general public (except a way by necessity), by reason of the description contained in his deed and reference to Green's map.  The conveyance does not purport to give any right in or to the street or along its course. (*Wheeler* v. *Clark*, 58 N. Y., 267, 271, 272.)  Nor would an easement pass as an appurtenant, unless it were directly necessary to the enjoyment of the estate granted.  A mere convenience is not enough to create a right or easement. (*Ogden* v. *Jennings*, 62 N. Y., 526, 531.)  Here plaintiff had free access to his lots by Wallace and Franklin streets, and hence there was no necessity, though there might be a convenience in using the obstructed portion of Olive street, opposite block P. B. (*Voorhees* v. *Burchard*, 55 N. Y., 98.)

The learned justice at the Special Term was embarrassed by the absence of any authority directly in point, and no such authority is now presented to us.  But the case of *Coster* v. *Mayor of Albany* (43 N. Y., 399) is quite analogous.  There a bridge and way, connecting a pier, on which plaintiff's property was situated, with the main land, was taken up, but another way more circuitous and less convenient was left available for the plaintiff's use.  In an action brought to recover damages, for such removal, to plaintiff's property,

the court says (p. 414): "No part of the bridge was on the property of the plaintiffs. They had no interest or right in it as property. There is left to the plaintiffs an approach to their property by the State street bridge, though less near, less easy, less commodious. The damage to the plaintiffs' property from this cause is entirely indirect and remote. * * * Over streets and highways the legislature has control, and may, when no private interests are involved or invaded, close them and altogether relinquish their use by the public. (*People* v. *Kerr*, 27 N. Y., 188–192.) And if in the exercise of this right a street be discontinued and the value of lands abutting on other parts of the street and on neighboring streets is lessened, it is not such an injury to the owner as to entitle him to damages." (*Smith* v. *City of Boston*, 7 Cush., 254.)

In the last case SHAW, C. J., says: "The inconvenience sustained by the petitioner, if any, was not such an injury done him in his property as to entitle him to damages within the true intent of the law. Remote and contingent damages are not recoverable. * * * The petitioner has free access to all his lots by public streets. * * * Judge FOLGER proceeds to say of the injury in Coster's case (p. 415), it is "not the direct and immediate result of the removal of the bridge first mentioned. * * * Assuming that the statute did not, by some particular provision or phraseology, provide for the payment of consequential damages or such as may result to persons whose lands are not taken or immediately injured, the State would not have been liable for the damages claimed by the plaintiffs from the removal of this bridge, nor is the city liable." (*Radcliff Exrs.* v. *Mayor*, 14 N. Y., 195.) To the same effect is *Sixth Avenue Railroad Company* v. *Gilbert Elevated Railway Company* (3 Abb. N. C., 398, 399). The case of *Smith* v. *City of Boston* (*supra*), seems particularly applicable to the present case. (*Fearing* v. *Irwin*, 55 N. Y., 486, 490.)

In *Story* v. *Elevated Railway Company* (90 N. Y., 122) and elsewhere, the damages sought to be recovered were for injuries to the plaintiffs' property by the obstruction and use of the street immediately in front of his lands abutting thereon. They are not authority, therefore, in this case.

We conclude, then, that the plaintiff has no right or interest in Olive street beyond the block on which he is situated and the streets

bounding the same. Whether the plaintiff has or can invoke any remedy in common with the general public for the removal of the obstructions, or whether the right of way or space for public use fifty feet wide from Clinton to Franklin streets in the rear of the depot provided by the defendant is an adequate equivalent for the loss of the use of Olive street in front of the depot, are questions which we are not called upon to consider. It is enough to say that in our opinion the plaintiff has no private rights or interests in the part of the street obstructed by the defendant, which will entitle him to claim or recover damages from the defendant.

The judgment should be reversed, and judgment ordered for the defendant, with costs of the action and of this appeal.

FOLLETT, J., concurred.

HARDIN, P. J.:

I concur with the views expressed in the foregoing opinion. (See, also, *Burnet* v. *Bagg*, 67 Barb., 154; and *Anderson* v. *Rochester, etc., R. R. Co.*, 9 How., 561.)

Judgment reversed, and judgment ordered for defendants, with costs of action and of this appeal.