Wheeler, J.
The trespass was committed in 1848, and the plaintiff proved a prior possession, commencing as early as 1845. “Proof of an actual, exclusive possession by the plaintiff, (says Professor G-reenleaf,) even though it be by “wrong, is sufficient to support this action (trespass upon property) against a “mere stranger or wrongdoer who has neither title to the possession'himself “nor authority from the legal owner.” “The finder of goods and the prior “occupant of land or its produce lias a sufficient possession to maintain this “action against any person hut the true owner.” (2 Greenl. Ev., sec. 618.)
From the evidence in the case the defendants are to he viewed in the light of mere strangers and wrongdoers. They neither proved nor offered to prove any title or right of possession in themselves. As to them, therefore, the plaintiff’s prior actual possession was sufficient to maintain the action. It was not incumbent on him to prove that his prior possession was rightful. It will he deemed to have been so until the coutrary appears. (Davis v. Loftin, 6 Tex. R., 497.) It will devolve ou the defendants to show that the plaintiff’s was a wrongful possession. The evidence, therefore, introduced by the plaintiff to show a rightful possession in himself and objected to by the defendants was entirely superfluous and unnecessary. Ilis right to recover as against the defendants was perfect without and was in no degree dependent upon *233 the evidence in question. Its admission, therefore, was wholly immaterial. A judgment will not be reversed for the improper admission of evidence which was merely superfluous and unnecessary to sustain the issue on the side of the party introducing; it, and on which his right was not in any measure dependent. (Id., 489, 599.)
If the defendants had produced evidence of title in themselves the evidence in quest ion would have been admissible to show that the possession of the plainim' (who was defendant in the former suit) was, as to the defendant Alfred, (I lm plaintiff in that suit) and, perhaps, also as to the other defendants, who jusfitied their trespass under him, a lawful possession during the pendency of the suit. The execution of the replevy bond gave the defendant in the former suit the right as against the plaintiff to retain his possession for the purposes of the suit until its termination, upon the principle maintained by this court in (.lio case of Fowler et al. v. Stonemn, 6 Tex. R., 60. Had this evidence become material, therefore, by the production of evidence of title by the defendants it must have been received, and the only objection which it is perceived can now he urged to its admissibility is its want of materiality. This objection, however, cannot render its admission a ground for reversing the judgment.
The instruction as to the effect of the evidence, if it liad been material, was certainly correct* as to-the defendant Alfred, and, perhaps, as to the other defendants also, for the reason before stated that they justified under him. For if the present plaintiff’s possession during the pendency of the former suit was lawful as to the plaintiff in that suit, it would be so also, it would seem, as to all persons coming* to disturb that possession by his authority. Its effect, however, was simply to maintain what was unquestionably to be taken as true under the evidence in the case, that is, that as to the defendants the plaintiff’s po-ses ¡ion was to he deemed rightful.
Tiie application for a now trial was rightly refused. The use of ordinary diligence would have enabled tlie defendants to know whether they were prepared for trial. They should not have trusted to a mere supposition or belief that evidence so vital to their defense was among papers on lile in the court, wit hone, even using* the precaution of looking for it. A new trial will not he granted for surprise on account of new evidence whenever by reasonable diligence it could have been previously obtained. (3 Story, C. C. R., 122; Watts v. Johnson, 4 Tex. R., 311, 319.) isTor ought a new trial to be granted on the ground of surprise, where the party went to trial without being prepared with his evidence, when by the use, of reasonable diligence he might either have had the benefit of his evidence at the. trial or have made its absence the ground' of continuing the cause until it conk! be procured.
If t.ho patent had really been on lile in t he court when its loss was discovered, its existence and contents might have been proved by secondary evidence, or, if such evidence was not at hand, the defendants might then have obtaiued a postponement of the trial, or a continuance if necessary, to enable them to procure (heir evidence. (Cotton v. The State, 4 Tex. R., 264.) They should not liave remained silent, taking the chances first of a verdict in their favor, and if adverse to them, then of obtaining a new trial. The application was manifestly insufficient in not showing proper diligence. The judgment is affirmed.
Judgment affirmed..