FRED. W. WOLF v. P. J. BUTLER ET AL.

No. 7209.

1. **Purchaser Pendente Lite—Exception.**—The rule which holds one acquiring an interest in property pending litigation in regard to it bound by its result is one indispensable to the administration of justice, but the rule has no application in a case in which the judgment in the pending litigation is rendered through collusion between the parties on a cause of action having in part or in entirety no real existence.

2. **Pleading — Allegations Sufficiently Charging Fraud and Collusion.**— See allegations held sufficient in charging that a judgment in a suit pending when plaintiff became interested in the property was rendered by the fraudulent collusion

of the parties, whereby a larger amount was adjudged than actually was due, and a lien unlawfully declared upon the property involved.

3. **Intervention.**—When facts existed authorizing intervention in a suit pending by a lis pendens purchaser, the failure to intervene will not conclude the rights of such purchaser when he did not know the necessity for such intervention and the facts were withheld by the parties alleged to have collusively agreed upon a judgment not authorized by the facts.

4. **Misleading Acts of Counsel.** —See allegations held sufficient to show bad faith on part of a party or by his counsel in regard to the suit pending, and having had the effect of misleading a party adversely interested in the property, resulting in such party failing to intervene so as to protect his interest in the original suit.

APPEAL from Dallas.    Tried below before Hon. R. E. Burke. The opinion states the case.

*Leake, Shepard & Miller,* and *Robertson & Coke,* for appellant.—1. The appellant Fred. W. Wolf, after purchasing at trustee's sale the lot upon which Butler was seeking to foreclose a mechanic's lien, had the right to intervene in said foreclosure suit for the protection of his interest.    Fleming v. Seeligson, 57 Texas, 525; Mussina v. Goldthwaite, 34 Texas, 131.

2.   The allegations of the petition confessed by the demurrer show, (1) that the lot was, at the time of Butler's alleged contract for improvements thereon, the homestead of Wagenhauser and wife, who then owned the lot; (2) that no written contract was made for the improvements, and the wife of Wagenhauser never gave her consent to the lien; (3) that the account of Butler, as stated in his attempt to fix the lien by account filed under the statute, was untruly stated and far in excess of the amount of his bid for the work; (4) that the judgment foreclosing the lien was obtained by collusion with Wagenhauser, who was then insolvent and had no interest in the property, and through fraud practiced upon Wolf, whereby he was prevented from intervening in said suit, and from having any knowledge of the proceedings or the result of the same; (5) that Wolf used reasonable diligence to assert his rights in said litigation under all the circumstances thereof.  Spencer v. Kinnard, 12 Texas, 181; Buford v. Bostick, 50 Texas, 371; Cowan v. Williams, 49 Texas, 380; Johnson v. Loop, 2 Texas, 331; 3 Freem. on Judg., sec. 492.

3.   The judgment below is appealed from in so far only as it sustains the demurrers of Butler and Wagenhauser to plaintiff's petition. While joined in the same petition, yet the interest of the other defendants were separate, and the prayer for relief was separate and distinct as to each of them, and the judgment as to Butler and Wagenhauser may be reversed without disturbing the judgment against Griggs setting aside the sale.    Boone v. Hulsey, 71 Texas, 176; Blum v. Strong, 71 Texas, 321, 327; Kimmarle v. Railway, 76 Texas, 686.

*W. F. Short*, for appellees, cited Mayes v. Woodall, 35 Texas, 687; Stone v. Towne, 91 U. S. Rep., 341; Marriner v. Smith, 27 Cal., 649; French v. Shotwell, 5 Johns. Ch., 554; Shufelt v. Shufelt, 9 Paige, 137; De Wolf v. Johnson, 10 Wheat., 367; Stanley v. Ehrman, 3 South. Rep., 527; Freem. on Judg., secs. 485, 512.

STAYTON, CHIEF JUSTICE.—On May 4, 1885, P. J. Butler instituted a suit against Anton Wagenhauser to recover a sum claimed to be due to him for labor and material furnished to make improvements on the property involved in this suit, and to foreclose a statutory lien claimed to exist.     To that suit the wife of Wagenhauser was not made a party, and on November 23, 1886, a judgment was rendered in his favor in accordance with the prayer of his petition.     Under that judgment an order of sale issued, under which the property was sold and bought by W. L. Griggs for $8000, but neither payment nor deed had been made when this suit was instituted, the purpose of which was to restrain the sheriff from making a deed, to set aside the sale, and also to set aside the judgment rendered in favor of Butler against Wagenhauser in so far as it affects plaintiff's right.   The grounds on which this relief was sought were the following:  On May 13, 1885, Wagenhauser, joined by his wife, conveyed the property on which Butler claimed mechanic's and materialman's lien to the Wagenhauser Brewing Association, a private corporation; after which that corporation pursued on the premises the business of brewing and selling beer, for which purpose there was placed on the property "machinery, appliances, accessories, and appurtenances of the value of $35,000," furnished by Wolf, which he alleges became not a "part or parcel or fixture of the same," for which the corporation had not paid, and that to secure this and other sums due from the corporation to Wolf, in all amounting to about $50,000, the corporation on August 25, 1885, executed to a trustee for his benefit a trust deed on all the property with power to sell, which on the two days following was recorded in the county in which the property was situated, as mortgages on real estate and chattels are required to be.    The property was sold under this trust deed on April 12, 1886, and at that sale Wolf became the purchaser at a bid of $50,000, and received a deed, which was duly recorded on the next day; but Wagenhauser, being in possession of the property, refused to permit the purchaser to take possession; whereupon Wolf instituted a suit against him for the property, which resulted in a judgment in favor of Wolf, rendered in February, 1888, under which he obtained possession, but prior to that judgment Wolf obtained possession through sequestration.     On June 9, 1886, Wolf sold the property to John J. and James J. Gannon by a deed with general warranty which reserved a lien for the purchase money unpaid, amounting to $32,000; and it is alleged that this deed contained a covenant against incumbrances and

bound Wolf to defend and discharge any liens that might be asserted or established, and further bound him to protect his vendees in any improvements that might be made. The Gannons, it is alleged, took possession of the property and organized a private corporation known as the Dallas Brewing Company, which had expended large sums of money in improving the property, which had increased its value to $150,000; and so the matter stood when this suit was brought.

As ground for setting aside the judgment in favor of Butler and against Wagenhauser, in so far as it affected the property in controversy, it is alleged that the property was the homestead of Wagenhauser and wife at the time Butler claims to have furnished material and performed labor upon it, and it is denied that Mrs. Wagenhauser joined her husband in any contract fixing on the property a lien of any character, and that the fact that the property was homestead was well known to Butler at the time he commenced work, Wagenhauser and wife then living upon the land; and it is further claimed that the sum due Butler was much less than the sum for which he sued and obtained judgment. It is further alleged that at the time appellant became interested in the property Wagenhauser informed him that for reasons before stated there was no lien on the property, and that he would make the proper defenses to the suit brought by Butler.

The petition is full of averments to the effect that the judgment in favor of Butler against Wagenhauser was the result of collusion, conspiracy, and fraud between them for the purpose of fixing upon the property a lien that had no legal existence for a larger sum than was due, and that they devised to keep secret the fact that the judgment had been rendered in order that the property might be purchased, when sold under the judgment, for a grossly inadequate price, and it is alleged that Griggs was a party to these matters.

As reasons for not intervening in the suit for the protection of his interests, the petition alleges that Wolf intended to do so, or to see that Wagenhauser made the proper defenses, and employed counsel for that purpose, who called upon the clerk of the court in which the suit was pending with purpose to examine the papers and file proper defenses if necessary, when they were informed by the clerk that the papers were in the hands of one of the attorneys for Butler, whose receipt therefor he had. After this application was made to the attorneys for the papers and by them counsel for Wolf were informed that neither of them had the papers or knew where they were, but one of them promised to find them if possible. These inquiries were repeatedly made with the same result, and counsel for Butler fully informed of the purpose for which counsel for Wolf desired to see them and of the defense to the suit which Wolf proposed to make. One of Butler's attorneys expressed the opinion that the papers had been destroyed in the burning of the office of the other counsel, but it is alleged that he promised

to substitute them and to give counsel for Wolf notice (which was never done) of the finding of the papers.   These matters transpired during the months of September and October, 1886, and before the October term of the court, and after that term began inquiry was again made and met with the same response, although the purpose for which counsel for Wolf desired to see the papers was made known, as well as their inability to file defensive papers or to know what defenses, if any, Wagenhauser had filed.   Search for the papers in all places where it was thought at all probable they might be is alleged to have been made. The petition further alleged that the case of Butler v. Wagenhauser was on the jury trial docket, and there placed by the defendant, and that on account of the crowded condition of the court the case could not be forced to trial for a great length of time, "to-wit, about two years," there being so many older cases; that it had long been the practice in the court for a committee of the bar, under the approval of the court, to make assignment of causes for trial for a term of two weeks at each assignment, of which a list was published under the certificate of the clerk, and that the court would not take up any case not so set without consent of counsel, and then only when it could be done without interfering with assigned cases; that this was done at the term and during the month the judgment in favor of Butler against Wagenhauser was rendered, but that the cause was not among those assigned.   The petition further proceeds as follows:

"Petitioner further says, that notwithstanding the facts and circumstances hereinbefore set out, it appears from the minutes of said court that said cause of Butler v. Wagenhauser came on for trial on November 23, 1886, as if on full hearing, and that the defendant's exceptions were overruled, etc., and that upon hearing judgment was rendered in favor of P. J. Butler against said Anton Wagenhauser for the sum of $6088.80, besides costs of suit, with foreclosure of mechanic's lien for that amount on the land above described as the property of petitioner, and all the improvements thereon, including all the machinery, appliances, etc., for making beer thereon, as well as that placed there since said labor was done by plaintiff as above stated, and an order of sale was granted to sell the same in usual form.   And it further appears from said records, that said order of sale was issued on the——day of December, 1886, and was executed by the said W. H. Lewis as sheriff of Dallas County, who advertised said property for sale, as his return shows, and on January 4, 1887, sold the same at public outcry to defendant W. L. Griggs, who bid therefor the sum of only $8000.   And petitioner says, that of the property so pretended to be sold as aforesaid there was machinery, fixtures, etc., which had been sold by the plaintiff to the Wagenhauser Brewing Association long after the accrual of the said Butler lien, of the value of, to-wit, $25,000, and the same was all then upon the said premises, and being used by the said Gannon

Bros. and the Dallas Brewing Company in their business of manufact-uring beer thereon.

"Petitioner further says, that while the said judgment of the said P. J. Butler against Anton Wagenhauser recited a trial of said cause as if one had regularly occurred upon an actual defense urged therein, it is matter of fact, as it appears from the minutes upon the docket of the court as written therein by the Hon. George N. Aldredge, judge of said court, that said judgment was rendered by agreement of the parties, the said court having no knowledge that other parties, or that the petitioner, were interested therein, or were being taken advantage of by said proceedings. Petitioner says that the taking of said judgment by agreement and the recitals of the same were intended as part of the scheme and plan to defraud petitioner, as hereinafter more particularly stated.

"Petitioner further says, that he is informed and believes, and so charges, that said cause was called up by consent of the said Butler and Wagenhauser and their attorneys, and he says that the original papers, which have been returned into court since said judgment, and which are now accessible to plaintiff, show on their face that the attorney who promised to substitute the papers and give Wolf's counsel notice thereof was the only attorney whose name was signed to the petition of Butler.

"Petitioner further says, that he verily believes, and so charges, that the said Butler and the said Wagenhauser conspired and colluded together and concealed and suppressed the said papers, and concealed and suppressed the knowledge of the same from petitioner and his counsel, and agreed to the rendition of said judgment; that they intended and proposed to fix and establish a fraudulent lien upon said property, to be borne by petitioner, and which he would be compelled to pay off and discharge; and further, to keep the same secret and concealed from petitioner and the said Gannons and the Dallas Brewing Company, and if possible secure the sale of said property and its purchase at a grossly inadequate sum; whereby the petitioner, and through him the said John J. and James J. Gannon and the Dallas Brewing Company, would be grossly defrauded and oppressed, and the said conspirators and others who may be interested with them as hereinafter charged would be greatly profited. And he says that said judgment was null and void also, because the said Cordelia Wagenhauser was not a party to said suit, and the same could not conclude the homestead rights of the said Cordelia, or of the said Anton Wagenhauser."

"Petitioner further says that the said judgment was rendered in violation of the understanding and agreement between his counsel and counsel for said Butler. And he says further, that the production of papers, or the finding of the same—if they were ever lost—and the rendition of said judgment were wholly unknown to petitioner and his

counsel aforesaid, who had no reason or cause to suspect the same, until after the sale was made.''

The court below sustained a demurrer to so much of the petition as sought relief against the judgment rendered in favor of Butler against Wagenhauser, but on the verdict of a jury set aside the sale at which Griggs bought, and from the judgment Wolf alone appeals.

The facts before stated are the substance of so much of plaintiff's petition as it is deemed necessary to notice, and the demurrers that were sustained were general.

All the facts on which appellant bases his rights transpired after the suit was instituted by Butler against Wagenhauser, and for the purposes of this case it will be assumed that lis pendens then existed. If that suit had been prosecuted to judgment without fraud or collusion between the parties to it, appellant would be bound by its result; but he alleges that this was not done, and states facts which make the judgment as to him and those claiming under him collusive and fraudulent even though Wagenhauser may have been indebted to Butler; for through that judgment the right to sell the property in satisfaction of the lien claimed was declared.

If the averments of the petition be true, and they must be so considered on demurrer, it is evident that Butler held no lien on the property, that he and Wagenhauser knew that fact, that no judgment could have been legally rendered establishing and foreclosing the lien claimed had the facts been shown on the trial; and they go further and state facts from which it would be difficult to escape the conclusion that the judgment was the result of collusion.

The rule which holds one acquiring an interest in property pending litigation in regard to it bound by its result is one indispensable to the administration of justice, but the rule has no application in a case in which the judgment in the pending litigation is rendered through collusion between the parties in a cause of action having in part or in entirety no real existence.    2 Snyder on Vendors, 534; Murry v. Ballou, 1 Johns. Ch., 571; Rippetoe v. Dwyer, 65 Texas, 707.

The petition shows that Butler had no lien on the property, and that of this his counsel had been advised, as had they been of the fact that Wolf intended to make the proper defenses, or to see that they were made.    Wagenhauser knew of the defenses, stated that he had pleaded them, and would sustain them by proof; but in the face of these facts a judgment was entered by agreement between them, which both parties must have known was violative of the right of Wolf.

It would be difficult to present a stronger case of collusion than that alleged, and the fact that the one may have been indebted to the other does not relieve it, for the injury to Wolf consists not in the rendition of a judgment in favor of Butler against Wagenhauser for all that was due, but in the establishment and foreclosure of a lien, having no legal

existence, on property in which he had become interested. Under such circumstances Wolf is not bound by the judgment, although a purchaser lis pendens.

Appellant acquired title through Wagenhauser, and his relation to the property and to those who hold under him is such as entitles him now to enforce, as against Butler and Wagenhauser, any right which he acquired by the lien he obtained on it or through his purchase of it.

Whether it would become necessary for appellant to intervene in the suit brought by Butler against Wagenhauser could not be known until counsel employed by him could see the answer filed by Wagenhauser; and had it been found necessary, because Wagenhauser was not prosecuting the defenses which are alleged to have been known to him and which he promised to present, for Wolf to intervene in that suit, no court in which intervention is allowed would have refused him permission to do so on the averment of such defensive facts as are found in the petition in this case, although he was a purchaser lis pendens. Johnson v. Heidenheimer, 65 Texas, 266; Cook v. Pollard, 70 Texas, 725; Fleming v. Seeligson, 57 Texas, 525; Ex Parte Mobley, 19 S. C., 337.

The case made by the petition is not one in which Wolf trusted solely to Wagenhauser to make the defenses which he alleges existed and in which he used no diligence himself for the protection of his own interest; nor is the case made one in which it is necessary for appellant to show that he used all the diligence that might have been required of him had he not relied upon the statements of Butler's counsel that the papers were lost, but would be substituted and notice of trial given.

It is true that counsel for Butler did not directly promise if the papers were found to notify counsel for appellant of that fact, but he did induce appellant's counsel to believe that the papers had been destroyed; and in view of the search that had been made for them, and of all the facts there tending to strengthen the belief that this was true, Butler can not be heard to say that counsel for appellant ought not to have relied upon the statements of his own counsel.

After all that had passed between counsel, good faith required when the papers were found that this should have been made known either to Wolf or his counsel and opportunity given to see that Wagenhauser made all proper defenses, or to make them himself in case Wagenhauser failed to do so; and Butler must be held affected with notice of all that passed between his counsel and those employed by appellant. Wolf was entitled to intervene and make all defenses available to Wagenhauser, or to see that he fairly presented them, and this he had employed counsel to do, who, under the circumstances, used all reasonable diligence to that end, but were thwarted in their purpose by a course of conduct which, under the averments of the petition, seems to us a breach of good faith through which no litigant ought to be permitted to derive benefit as against another situated as was appellant,

although as between the immediate parties to the judgment no relief could or ought to be given.

The petition, however, seems to go further and to allege that a lien was established and foreclosed by the judgment and sale on property that would not have been covered by the lien claimed by Butler even if that had been in all respects valid.

We are of opinion that the court below erred in sustaining the demurrer to so much of the petition as sought an adjudication of the validity of the lien claimed by Butler and as to the sum really due to him, and for this reason its judgment will be in so far reversed and the cause remanded; but as the representative of the purchaser has not appealed and is not now before this court, so much of the judgment as set aside the sale at which Griggs bought can not be disturbed. It is so ordered.

*Reversed and remanded.*

Delivered May 15, 1891.