PACIFIC EXPRESS COMPANY v. WILLIAM M. DUNN.

No. 7039.

1. **Possession as Evidence of Ownership of a House.**—In an action for damages for the destruction of a house by the culpable negligence of an employe of the defendant it was competent to prove ownership by parol by showing exclusive possession of the premises.

2. **Same — Sufficient Evidence.** — Plaintiff proved that he had built the house, and that at the time it was destroyed by fire two rooms were occupied by his tenants, two were vacant, and another occupied by himself as an office. *Held*, this was sufficient evidence of exclusive possession.

3. **Leading Question to Witness.** — The question which brought out the evidence as to possession may have been leading, and the broad assertion of ownership may have been but the assertion of an opinion, but these matters furnish no ground for reversal in view of the evidence of right furnished by the possession proved.

APPEAL from Mitchell. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Ball & Burney* and *McCormick & Spence*, for appellant.— In order for proof of possession alone to entitle plaintiff to recover for damage to real estate, the possession proved must constitute some species of title or be coupled with facts showing the right to the possession. The surviving widow may have the right to possession without having title to the fee, or possession alone may by lapse of time have ripened into title, but these facts must be shown. Railway v. Timmerman, 61 Texas, 660; Reed v. Railway, 37 N. W. Rep., 758; Bascom v. Dempsey, 9 N. E. Rep., 744.

*Martin & Jennings* and *J. M. Moon*, for appellee.—Appellee testified that he was the owner of the house described in the petition and of the lot on which it was situated; was in possession of said property and had been prior to the destruction thereof, which occurred June 17, 1886. At the time of the fire was living at the Renderbrook Hotel, just across the street from the house burned and opposite to it; was renting two rooms in said house to other parties; two rooms were vacant, and one of the rooms was used and occupied by him as an office. The house was built in the spring of 1882. Abbott's Trial Ev., secs. 1, 2, p. 634; 2 Whart. Ev., secs. 1331, 1332.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover damages for the destruction of a house and property therein by fire, which he alleges resulted from the negligence of an employe of appellant while engaged in the course of his employment in its business. In the course of the trial appellee was permitted to prove his ownership of the house by his own testimony, and it is urged that such evidence was not admissible for that purpose.

His evidence was to the effect that he owned the house and lot on which it stood, and was in possession of it at the time and before it was destroyed; that he built the house some four years before it was burned, on another lot, from which he moved it to the lot on which it stood about three years before it was destroyed; that two rooms in the house were occupied by his tenants, two vacant, and another occupied by himself as an office.   It was contended that appellee could not thus show his ownership, and that it was incumbent on him to show title by written muniment, or to show that he held the exclusive possession. The possession shown was certainly exclusive within the meaning of the law, for the possession of his tenants was his possession, and no part of the premises was occupied by any person other than himself and his tenants.

We do not understand that in actions of this character it is incumbent on a plaintiff to deraign title through writings from the sovereignty of the soil, or in some of the other methods in which title is acquired, but understand that an exclusive and peaceable possession of land furnishes prima facie evidence of ownership, which, if not rebutted, is sufficient to maintain such an action as this or even ejectment or trespass to try title against a trespasser or mere intruder.   Linard v. Crossland, 10 Texas, 462;  Lea v. Hernandez, 10 Texas, 137;  Wilson v. Palmer, 18 Texas, 595;  Yates v. Yates, 76 N. C., 142;  Smith v. Lorilard, 10 Johns., 339;  Bledsoe v. Sims, 53 Mo., 305; Keith v. Keith, 104 Ill., 397;  Barger v. Hobbs, 67 Ill., 592;  Sedg. & Wait's Trespass to Try Title, 717, and cases cited.

The question which brought out the evidence as to possession may have been leading, and the broad assertion of ownership may have been but the assertion of an opinion, but these matters furnish no reason for reversal in view of the evidence of right furnished by the possession proved.

There is no other question in the case, and the judgment must be affirmed.   It is so ordered.

*Affirmed.*

Delivered May 15, 1891.