JAMES BAKER ET AL. v. A. L. CORNELIUS ET AL.

No. 905.

**Trespass and Consumption of Grass—Ownership of Premises.—**
C. was in possession of enclosed pasture land under a lease thereof from I. S. C.
as owner. B. claiming the right of possession under a lease from J. B. S. as
owner, drove his livestock into the pasture, and thus consumed water and grass
thereon. *Held*, in an action by C. against B. for trespass and for the value of
the grass and water, that the trial court erred in holding the question of the title
to the land to be immaterial in arriving at the actual damages to be allowed,
since B. should not be required to pay the value of his own grass because he may
have committed a trespass in possessing himself of it.

APPEAL from the County Court of Taylor. Tried below before Hon.
D. G. HILL.

This suit was instituted by appellees against appellants, to recover
damages, actual and exemplary, for the consumption and destruction of
grass and water, alleged to have been done by livestock driven into a
pasture of plaintiffs by defendants.

Defendants' amended answer consisted of plea of not guilty, and a
special answer justifying their actions by virtue of possession and the
exclusive right of possession to said pasture in the defendant, James
Baker, on January 1, 1891, and ever since that time; and setting forth
specifically and in detail the time and manner of his acquisition of such
right from J. B. Simpson, the owner of the land, and making the written
contracts between said defendant and said owner exhibits to and parts of
said answer, and averring that if plaintiffs ever had possession or the
right of possession to any part of said land, they acquired the same from
and under said defendant, James Baker, or at least with full notice of
his prior and superior right, and in subordination thereto.

Appellees in their supplemental petition specially denied the facts set
up in defendant's answer as to rental contracts, etc., between Baker and
the owner of said lands, and alleged that by a judgment of the District
Court of Taylor County, Texas, the title to section 55 had been adjudged
to the Franco-Texan Land Company as against J. B. Simpson; that the
Franco-Texan Land Company subsequently conveyed the land to the
Interstate Railway Construction Company, and that plaintiffs held under
a rental contract from said construction company to the plaintiff, A. L.
Cornelius. Also that on January 1, 1891, plaintiffs held said land under
a rental contract with M. C. Lambeth, agent for the owners, and that
they acquired the same for value and without notice of the previous
rental contract between the owner and defendant James Baker.

The trial court found, that "independent of the question of title to
the property, the plaintiffs ought to recover from the defendants jointly
and severally the sum of $100 actual damages sustained by them, and the

further sum of $125 as exemplary damages, as a punishment for said willful and malicious wrong."

*Bledsoe & Leggett*, for appellants.—Plaintiffs' right of recovery is limited to the extent of their possessory interest; and as the evidence shows that they neither have title nor the right of possession, they can not recover. Railway v. Ragsdale, 67 Texas, 28; Railway v. Cullers, 17 S. W. Rep., 21; Sinclair v. Stanley, 69 Texas, 718.

*John Bowyer* and *H. A. Porter*, for appellees.—Title is not an important element in this case. The question for the court to determine is, Were Cornelius and Kennon in possession of the land at the time of trespass? If so, how they acquired that possession is of little importance. Willis v. Hudson, 63 Texas, 683; Sinclair v. Stanley, 64 Texas, 683; 1 W. & W. C. C., sec. 517; Add. on Torts, sec. 441; Seward v. Crossland, 10 Texas, 464; Warren v. Kelly, 17 Texas, 551.

HEAD, ASSOCIATE JUSTICE.—We believe the court erred in holding the question of title to the land to be immaterial in arriving at the amount of actual damages to be allowed appellees. It has been frequently held in this State, that actual possession is sufficient title to authorize the possessor to recover in an action of this kind damages both actual and exemplary. Sinclair v. Stanley, 64 Texas, 67; same case, on second appeal, 69 Texas, 718; Express Co. v. Dunn, 81 Texas, 85.

In the two cases first cited, the suit was in effect against the real owners of the land. We do not believe, however, that in arriving at the amount of actual damage the possessor should recover for a wrongful invasion of his possession by the real owner, the value of the latter's property should be taken into the estimate. If appellees did not have the title to the pasture, but were in peaceable possession thereof, and this possession was unlawfully invaded by the real owner, they could recover against him whatever damage they sustained thereby, but should not be allowed to recover the value of his own grass. It does not seem to us that the real owner of property should be required to pay its value to another because he committed a trespass in possessing himself of it. He could be held for the trespass, which would at least carry nominal damages, and all other damages, actual and exemplary, caused thereby; but one not the owner is not damaged to the extent of the value of the property by having it taken from him by one to whom he would himself have to account in a proper proceeding. 1 Sedg. on Dam., secs. 69, 78; Railway v. Ragsdale, 67 Texas, 24.

This, of course, would not apply to a stranger, because as to him the possessor against whom the trespass is committed would be the owner. It is true, in the Sinclair v. Stanley cases cited above, the one in possession

was allowed to recover against the owner the value of a house which would seem to have been a part of the land, but all the parties to the controversy treated the house as belonging to the plaintiff, and the courts so considered it in the opinions.

We therefore conclude that the question of title was material; and as the other questions presented in appellants' brief were not passed upon by the lower court, we will not undertake their investigation until this has been done.

The judgment appealed from will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 17, 1894.