**BEAUMONT & G. N. R. CO. v. YARBROUGH et ux.**

(Court of Civil Appeals of Texas. Galveston. March 20, 1913.)

1. RAILROADS (§ 114*) — CONSTRUCTION IN STREET—DAMAGE TO ABUTTING OWNER—EVIDENCE.

In an abutting owner's action for damages caused by the construction and operation of a railroad on a public street, the dedication of the street and its use as a recognized public street were sufficiently shown by the recorded map and the sale and conveyance of property with reference to such street.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. § 114.*]

2. RAILROADS (§ 113*)—DAMAGES TO ABUTTING PROPERTY—PERSONS ENTITLED TO RECOVER.

Persons who had exclusive possession of an abutting lot, under a claim of title, for seven

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

years before the injury complained of could sue for the damages sustained by the construction and operation of a railroad in a public street, without showing title as in trespass to try title.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 230, 351–357, 359–361, 363, 364; Dec. Dig. § 113.*]

Appeal from Trinity County Court; C. J. Hinson, Judge.

Action by S. H. Yarbrough and wife against the Beaumont & Great Northern Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Clegg & Embry, of Trinity, and Kenley & Minton, of Groveton, for appellant. Crow & Phillips, of Groveton, for appellees.

REESE, J. This is an action in the county court by S. H. Yarbrough and wife against the Beaumont & Great Northern Railroad Company to recover damages for injuries to the value of a certain improved lot, belonging to plaintiffs, in the town of Trinity, occasioned by the building and operation of the railroad along a public street in said town on which said lot is situated. A trial with a jury resulted in a verdict and judgment for plaintiff for $200. Both parties filed motions for new trial, which were, respectively, overruled; whereupon both parties gave notice of appeal and filed separate appeal bonds, and each party filed in the trial court assignments of error. The record on appeal was filed in this court by the defendant.

We have carefully examined the assignments of error of both parties, and in fact the entire record and statement of facts, with the result that we have concluded that none of the assignments present sufficient ground for reversing the judgment. A discussion of the assignments is not necessary, and would serve no useful purpose. They are all overruled with the several propositions thereunder. There are no principles of law presented by the assignments that would require the writing of an opinion, adding unnecessarily to the mass of such opinions, already too large and growing burdensome to bench and bar.

We will, however, state very briefly our conclusions upon two questions raised by appellant, which may possibly prove useful.

[1] The dedication of the street on which appellees' property is situated and the use of it as a recognized public street of the town were sufficiently shown by the recorded map and the sale and conveyance of property with reference to such street, showing a recognition of it as a public street.

[2] All of the objections to the evidence introduced by appellees to establish their title to the property are entirely immaterial. Appellees showed exclusive possession, under claim of title, for seven years before the injury complained of, in themselves, and this was sufficient to support the action. It was entirely unnecessary for them to show title as in trespass to try title. Kolb v. Bankhead, 18 Tex. 229; Linard v. Crossland, 10 Tex. 462, 60 Am. Dec. 213; Pac. Ex. Co. v. Dunn, 81 Tex. 86, 16 S. W. 792.

The judgment is affirmed.

Affirmed.