**FRIZZELL–JONES LUMBER CO., Inc.,**
Appellant,

v.

**Talbert GRANBERRY, Appellee.**

No. 7966.

Court of Civil Appeals of Texas, Texarkana.

Feb. 17, 1970.

Raymond D. Anderson, Keeney, Anderson & Miller, Texarkana, for appellant.

Buck Florence, Hughes Springs, for appellee.

CHADICK, Chief Justice.

Talbert Granberry instituted a trespass action in the district court of Morris County to recover damages from Frizzell-Jones Lumber Co. Inc., alleging the lumber company through its officers, agents and employees intentionally and knowingly cut and removed timber owned by Granberry without Granberry's consent, and manufactured the timber into lumber. A judgment based on jury answers to special issues was entered by the trial court awarding Granberry $3,200.00 damages. Frizzell-Jones Lumber Co. Inc., has appealed. Additional facts and circumstances relevant to the issues in the appeal will emerge as the appellant lumber company's points of error are discussed.

■ Appellant Frizzell-Jones Lumber Co. Inc.'s first and second points of error tender for resolution issues that appellee Talbert Granberry failed to prove by competent evidence that either title or possession of the timber in question vested in

him at a time material to the lawsuit. E. E. Spence and Ida Mae Spence Lowery by a written instrument deeded Granberry the timber on two separately described tracts of land. The metes and bounds description of the first tract is followed by the words: "containing 314 acres, less 160 acres heretofore conveyed; * * *", etc. No effort was made to identify and locate the 160 acres excepted from the described tract. With respect to the burden a plaintiff bears in proving title to land, it is said in 56 Tex.Jur.2d § 122 (1964): "If he claims under a deed containing general exceptions from the overall description, he also has the burden of showing that the lands involved in the litigation were not within the lands excepted from the deed under which he claims." Failure to identify or locate the 160 acres excepted from the grant left unproven the identity and location of the 154 acres conveyed. It would follow that with respect to tract number One, the deed does not evidence a conveyance of title from the grantors that would draw to it constructive possession of the 154 acre tract.

■ In a trespass action of this nature, however, the suit may be maintained on proof of actual possession of the land subjected to the trespass. Pacific Express Co. v. Dunn, 81 Tex. 85, 16 S.W. 792 (1891); Holman v. Herscher, 16 S.W. 984 (Tex. 1891); 52 Am.Jur. Trespass § 26 (1944); 56 Tex.Jur.2d Trespass § 26 (1964); see also Kolb v. Bankhead, 18 Tex. 228 (1856). The evidentiary record must be examined to determine whether or not there was competent evidence that appellee Granberry was in actual possession of the land from which the appellant cut and removed timber.

■ It appears without contradiction that the grantors in the timber deed sold to Granberry the timber on land they claimed, and that purported employers of Frizzell-Jones Lumber Co. Inc., cut and removed timber from the land. The record also shows that the grantors had had the land

from which the timber was taken under fence in past years, but the fence had deteriorated, and only traces of it might be found at trial time. Testimony was produced that the land's boundary lines were plainly marked by blazed trees recognizable as boundary markers by timbermen. Granberry testified that he was well acquainted with the grantor's land and its boundaries, having lived near it many years and having cut the timber on it on two earlier occasions. Testimony was offered that grantors paid all taxes assessed against the land and had its location surveyed out on three different occasions. Granberry's grantors harvested the timber on the land periodically, and through the years they or their kinsmen pastured it.

The evidence presented is competent and adequate to show actual possession under the circumstances of this case. 56 Tex. Jur.2d Trespass § 26 (1964); 87 C.J.S. Trespass § 89 (1954); 52 Am.Jur. Trespass § 28 (1944). The tracts are uncultivated river bottom land, used in a way consistent with its natural state, that is, for grazing and growing timber for harvest. The sum of the facts mentioned constitute more than a scintilla of evidence of actual possession. In the absence of any contention by the appellant that it owned or claimed title or possession of the land or timber, or that Granberry and his grantors did not own it, additional or weightier evidence would tend to become redundant.

 Appellant's third point of error: "The court erred in allowing special issue No. One to be submitted to the jury over the objection of the defendant." Special Issue No. 1 is in this language:

"Do you find from a preponderance of the evidence the land described in the timber deed from E. E. Spence and Ida Mae Spence Lowery to Talbert Granberry dated the 22 day of October A.D. 1966 was under the possession, dominion and control of E. E. Spence and Ida Mae Spence Lowery at the time of its execution?"

Appellant's brief states:

"The Defendant objected to the submission of this Special Issue for the reason that the same was irrelevant and immaterial to the case at hand; that it was incumbent on the Plaintiff to prove title and ownership of the timber in question; that the evidence had conclusively shown that the lands upon which the timber was situated were not enclosed and conclusively not within the possession, dominion or control of E. E. Spence; that it was incumbent upon plaintiff to show good record title to the timber in question or else to show a patent from the State of Texas and limitation title resting in E. E. Spence. The objection of the Defendant was overruled and the ruling duly excepted to. A motion for new trial was made. The motion was overruled and the ruling appealed from."

The argument under the point urges reversal for the reason that:

"The matter of actual possession was not pled by the plaintiff and, therefore, the plaintiff was not entitled to a Special Issue thereupon. Appellant further contends that the Special Issue not only requests a determination upon possession, but also, a determination upon dominion and control and dominion was defined as ownership or right to property. This definition clearly involves a legal determination and was not a proper one to be submitted to the jury.

"Appellant further submits that Special Issue No. 1 was not properly submitted to the jury in that the Timber Deed included within its description 260⅔ acres. E. E. Spence testified that he only claimed the East 86⅔ acres thereof. Therefore, for the jury to have found affirmatively on Special Issue No. 1, the jury would have had to go contrary to the evidence in the case."

The argument seeks reversal for reasons completely different from those set out in the objections made to submission of the issue. The appellant has waived the

grounds argued. Tex.R.Civ.P. 272. When the grounds of objection actually made are considered, no prejudicial error is apparent.

■ "The court erred in admitting into evidence over the objection of the defendant plaintiff's exhibits 1, 2, 3, 4, 5, 6 and 7 as proof of title to the timber in question", is the language of appellant's fourth point of error. The record shows that the sole objection made to the introduction of the several exhibits (the transcript contains six exhibits) was that each exhibit violated the Best Evidence Rule. The accuracy of this assessment is confirmed by appellant's statement under point four that, "The Defendant objected to the introduction of all these deeds into evidence because they were in violation of the Best Evidence Rule." McCormick and Ray's Texas Law of Evidence, Vol. 2, 2d Ed., § 1561 makes this comment on the Best Evidence Rule:

"In the earlier textbooks and decisions it is broadly stated, affirmatively, that the 'best' evidence of which the case is susceptible is all that the law requires, and negatively, that no other than such 'best' evidence is admissible. While the former or affirmative statement might be a very desirable rule, yet it is believed that today the assertion in neither of its forms represents an actual general rule of law. Although there are a few other rules requiring that evidence of a certain type be produced (or shown available) before other evidence to the same fact may be admitted, such as the rule requiring the production of attesting witnesses, the *Best Evidence Rule* today is confined in its application to the requirement that to prove the contents of a document, the original document must be produced. * * *" (Emphasis added)

The record discloses that all but one of the instruments offered were original documents, the exception being a certified copy from the deed records. Argument made in support of the point of error is concerned with appellee Granberry's failure to show "where this 160 acres of land was, who conveyed it, or to whom it was conveyed", and that "it was incumbent on the plaintiff to introduce sufficient deeds to identify the 160 acres excepted" from the 314 acre tract in order to accurately identify the 154 acres of land the deeds purported to convey. The argument suggests no error prejudicial to Frizzell-Jones Lumber Co. Inc., in the introduction of the exhibits. The argument made does not touch upon the issue presented by the bill of exception. The point will be overruled because no violation of the Best Evidence Rule that materially affects the rights of the appellant is found. Additionally, the conclusion reached respecting appellant's first and second points of error render admission of the instruments immaterial.

■ Appellant's next two points of error raise the issue that the jury's answers to special issues No. 4 and 5 are not supported by evidence. In response to special issue No. 4, the jury found that 40,000 board feet of lumber were cut and removed by agents, employees or servants of Frizzell-Jones Lumber Co. Inc. The jury answers special issue No. 5 that Frizzell-Jones Lumber Co. Inc., through its agents, servants and employees intentionally and knowingly cut timber belonging to Granberry. The evidentiary records bearing upon the jury's answer to special issues No. 4 and 5 have been carefully examined and evidence found having probative effect. The challenge must be overruled when, as here, reasonable minds may differ upon the conclusions to be drawn from the evidence. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914).

Appellant's remaining points have been examined with care. No error has been found that requires a reversal of the trial court. Appellee Granberry concedes the judgment rendered in the trial court exceeded the amount of damages sued for by $142.64, and offers to remit such amount. Accordingly, the judgment of the trial court is modified to show a recovery of $3,057.36, and in other respects is affirmed.