IViieeleb. J.
IVe have repeatedly decided that rulings of the court in respect to immaterial and irrelevant matters, though erroneous, will not authorize a reversal of judgment; and we have refused to revise such rulings.
*249 Were the rulings complained of in this case material? And, first, in respfect to the bills of sale aiul the deposition of McLennan. Did the plaintiff’s right to recover depend in any measure upon those bills of sale and that deposition? The plaintiff’s possession by virtue of his purchase from Monroe was fully proved, and, indeed, it was not denied otherwise than by a general denial filed at a term subsequent to the defendants’ original answers to the merits, in which, though not expressly, they tacitly admit the plaintiff’s possession. The fact of possession by the plaintiff, however, was fully provexl. “The effect of possession (says Starkie) as affording presumptive evidence of right is very powerful. As against a mere stranger, the simple occupation of property, whether real or personal, however recent, is evidence of a right, and will enable the possessor to maintain trespass or trover, and, even where the right is otherwise doubtful, ought to turn the scale.” (3 Stark. Ev., 900.) Possession of property is prima facia evidence of ownership. As against a mere wrongdoer it is sufficient evidence of title to enable the plaintiff to recover the possession of which lie has been wrongfully deprived, although the plaintiff claim under a title which is defective. (Id., 1153; 11 Wend. R., 54.)
The defendants do not deny that the plaintiff was wrongfully deprived of the possession of the negro or that upon the dispossession of the' plaintiff the negro came into the possession of the defendant James B. They deuy simply tiiat they are chargeable with the decoying away of the negro from the plaintiff or that he was dispossessed by their procurement. They are charged with having gotten possession wrongfully, yet they do not Attempt in any way to explain or account for the manner in which they did obtain possession. They allege title in the defendant James B., and endeavor to support the allegation by proof of title derived from Wm. G. Davis, through one Gideon. Bur. there is no evidence in the record of any sale from Wm. G. Davis to Gideon, the defendant’s immediate vendor, They have therefore failed to show a transmission of property from Wm. G. Davis to themselves.. Under the. pleadings and evidence, as presented by the record, the defendants appear to be mere strangers and wrongdoers, who cannot lawfully hold against the plaintiff’s presumptive right'arising upon the evidence .of his prior possession.
In this view of the case we have excluded from onr consideration the bill of sale inserted in the. transcript by the clerk. And it is clear tiiat we cannot receive as authentic or as constituting a part of the statement of facts a paper thus supplied by the clerk upon his knowledge of what transpired at the trial. He is not the officer to whom the law lias intrusted the making of the statement of facts, and no statement of his respecting its contents can be received. It, however, is evident from the record, apart from the statement of the clerk, that, the statement of facts is imperfect. If, therefore, there were reason to apprehend that injustice had been clone upon the trial, it might become necessary to inquire wliat remedy is left to the party, and whether we might not he authorized to reverse the judgment upon apparent or probable error aud remand the case for a new trial in order to prevent wrong and injustice. But if it should appear that though the omission in the statement of facts were supplied it would not change the result, there will he no occasion for tiiat inquiry.
Supposing the hiatus, which evidently does exist in the statement of facts, to be supplied by inserting the bill of sale from William G. Davis to Gideon, how, tlieu, will stand the question of right between the parties, excluding at the same time the deposition of McLennan and the two bills of sale which the defendants insist were illegally admitted in evidence? Both parlies referred the origin of their title to William G. Davis. The plaintiff proved by the deposition of Lewis Meek that William G. Davis sold the. negro in quest ion to Bichard Meek, for a valuable consideration, in May, ÍS47, the negro Hum being, as appears by the testimony of the defendants’ witness, Joint Davis, in the comity of Milam, where Meek resided, and where the sale .was *250 made. Tiie plaintiff then gave in evidence, without, objection, the, bill of sale from Meek to Monroe, dated June 21st, 1847, he, Monroe, having been previously in possession. The plaintiff further proved by tiie deposition of John J. Lof tin that Monroe sold and delivered the negro to the. plaintiff in the county of Grimes for a valuable consideration. The plaintiff lias (Inis shown transmission of property from William G. Davis to himself by evidence which went to the jury without objection, and is unimpeaehed.
Have the defendants repelled this evidence of the plaintiff’s right, by proof of a superior title? They shown naked bill of sale, executed in Cherokee county, by William G. Davis to one Gideon, when the negro was in Milam county; and, though anterior in date to the sale by William G. Davis to Meek, there is no pretense that Meek, or Monroe, or the plaintiff, when (hey respectively purchased, had notice of this bill of sale to Gideon, either actual or constructive. The recording of the bill of sale in Cherokee county was not, under the circumstances, constructive notice to those to whom the properly was subsequently sold, accompanied by tiie delivery of possession in the comities of Milam and Grimes, (Hart. Dig., arts. 2774, 2787.)
The proof is not positive as to the possession of Meek; but it is in proof that Monroe was in possession before the sale to Meek. lie is found in possession afterwards, asserting title, and sells, and delivers possession of the property to the. plaintiff. The presumption is that Meek acquired possession under his purchase from William G. Davis, and that there was a regular tradition of possession, with the right of property, from him to the plaintiff. Tiie force of (his presumption is not impaired by proof of any possession adverse to that thus transmitted to tiie plaintiff. There is no pretense that William G. Davis was in possession at the time of his sale to Gideon, or that Gideon or the defendant. ever liad possession of the negro until after the plaintiff wa's wrongfully dispossessed of him. There can be no doubt that, under the (widenee, the right of property, as between these parties, was in the plaintiff, and that lie was entitled to recover, admitting all tiie evidence claimed to have been introduced by the defendant and excluding that of the plaintiff to which exception was taken.
It is evident that the plaintiff’s right to recover was not dependent upon the evidence which, it is insisted, was erroneously admitted, and that the rulings respecting that evidence are wholly immaterial. It does not become necessary, therefore, to revise Che rulings.
It. remains to consider the rulings of the court in the instructions to the jury.
It is insisted that tiie court erred in the instruction: that though Meek may have obtained tiie negro from William G. Davis by fraud, yet if tiie plaintiff was a purchaser for a valuable consideration without notice of the fraud, it would uot affect liis right.
Tiie instruction must be taken and considered in reference to the evidence; and so taken, it was, we think, correct. Tiie defendants liad offered testimony to prove that the bill of sale, given by William G. D.ivis to Meek was not intended, as between the parties to it, to operate as a sale, but was only to be used as a power of attorney, as between themselves, to enable Meek to get possession of the negro for Davis; but if Davis invested Meek, ostensibly, with the absolute title, and thus held him out to tiie world as the real owner of the property, and by reason thereof he sold the property to a person not cognizant of the private understanding between him and his vendor, nothing can he more perfectly clear than that tiie title of his vendee, acquired bona fide, would be good as against Ills vendor. As to subsequent purchasers from Meek without notice, the conveyance would be good, however fraudulent the transaction may have been as between Davis and Meek. Tiie innocent purchaser would not be affected by the fraud of Meek, which Davis had placed it in his power to perpetrate oil him; and this, in effect, was the instruction in question applied to the evidence.
In respect, to the iiislrnctiqn asked as to the effect of an alteration of (.lie bill of sale from Davis to Meek, it may suffice to say that there was no evidence o£ *251 such alteration, and it, not only was right ^;o refuse the instruction, but the court might well have arrested the argument of counsel on that point when they proposed to insist before the jury that they should find, without evidence, the instrument to have been altered, and therefore void.
Note 83.—Willis v. Chambers, 8 T., 150.
Note 84.—Dooley v. McEwing, 8 T., 306; Clifton v. Lilley, 12 T., 130.
It cannot bo pretended that the supposed want of time for the maker of the instrument to have gone from Cherokee to Milam county, in the interval between tho dates of the bill of sale to Gideon and of that to Meek, was evidence to show that the latter had been altered after it was delivered to Meek. It might have been evidence going to show that the instrument was antedated, but surely not that it was altered after delivered.
But if the date had been so altered by Meek, will it be pretended that the title of his vendee without notice would be thereby affected ? The writing- was not necessary to pass title to this species of property. The title of the purchaser is equally good without as with it.
There was no error in the refusal of the court to instruct the jury that a certificate of a clerk of a County Court, stating that an instrument had been filed in Ills ofiice for recording, given prior to its probate, is not evidence of any fact. Whether such certificate would be evidence of any fact was an immaterial inquiry. That was not a question which the court could be called upon in that case to determine, and the court might well decline the expression of an opinion upon it.
There are other rulings to which the assignment, of errors relates, but which are not deemed of a character to require notice. We are of opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.