GULF CITY STREET R'Y CO. v. GALVESTON CITY R'Y CO.

(Case No. 2195)

1. STREET RAILWAYS—GRANT OF RIGHT OF WAY OVER STREETS OF A CITY NOT AN EX-CLUSIVE PRIVILEGE—A grant made, under legislative sanction, by a city to a street railway company of the right, not in express terms exclusive, to build and operate a railway upon one or more of its streets, confers upon the railway company no exclusive privilege as to such streets. The city, notwithstanding such grant, retains all the control it formerly possessed over those streets, subject only to the company's exclusive right, as against other railway companies, to use that portion covered by its track. (Citing Jersey City and Bergen R'y Co. v. Jersey City and Hoboken Horse R'y Co., 20 N. J. Eq. 61.)

2. SAME—RAILWAY COMPANY'S AUTHORITY OVER STREETS CONFINED TO PORTION COV-ERED BY ITS TRACKS—CITY'S DOMINION OVER PORTION OF STREET NOT COVERED BY COMPANY'S TRACKS REMAINS UNIMPAIRED—SUBSEQUENT GRANT OF LIKE PRIVILEGE OVER SAME STREET, IF AUTHORIZED BY THE LEGISLATURE, MAY BE MADE—COMPANY HOLDING OLDER GRANT NO RIGHT TO OBJECT—Over that portion of any street upon which its track, switches, or turn-outs do not lie, a railway company has no authority, but the city's dominion over it remains unchanged and unimpaired, and is as full and complete, for all purposes, as it was over the entire

street before the privilege of constructing a road upon it was granted. If, therefore, the city should choose to grant to another company the privilege of laying a track upon the same street, the company already operating a road there would have no right to object, so long as the free and unobstructed use of its own track was not interfered with; and the new grant may, with the consent of the legislature, be made. (Citing Dillon on Mun. Corp. 727; Mkt. St. R'y Co. v. Central R'y Co., 51 Cal. 583; N.Y. & H. R'y Co. v. R'y Co., 50 Barb. 285.)

3. CASE DISCUSSED—The case of G. C. R'y Co. v. G. C. S. R'y Co., 63 Tex. 529, discussed.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

For a statement of this case, see G. C. R'y Co. v. G. C. S. R'y Co., 63 Tex. 529.

*Jno. W. Harris*, for plaintiff in error, cited : G. C. R'y Co. v. G. C. S. R'y Co., 63 Tex. 529.

No briefs on file for defendant in error.

WILLIE, CHIEF JUSTICE—From the judgment rendered below in this cause both parties gave notice of appeal. The appeal of the Galveston City R'y Co. was passed upon at the last Galveston term of this court, and, as to all the errors assigned by the appellant in that proceeding, the judgment was affirmed. Since then, the G. C. S. R'y & R. E. Co. have sued out a writ of error to revise the judgment below, in so far as it failed to perpetuate its injunction as to certain named streets in the city of Galveston. These streets were included in the original contract between the city of Galveston and the company of persons who were afterwards chartered as the Galveston City R'y company. This company had, however, up to the date of filing this suit, failed to do anything towards constructing a railway track upon any of these streets except one, and had removed the track laid upon this latter, and abandoned the use of the street altogether. Subsequently to this abandonment, and whilst this and the other streets referred to were not in use by the G. C. R'y Co. for any purpose whatever, the plaintiff in error obtained from the city of Galveston the right to construct, use, and operate a horse railway upon these streets, as well as those with reference to which the injunction was perpetuated. The plaintiff in error contends that this grant to it was a withdrawal of the privilege previously granted to its adversary, and vested in the last grantee the exclusive right to use and occupy these streets for the construction and operation of its railway.

As authority for this position, the opinion rendered by the commissioners of appeals when the case was before this court on a former appeal, is cited. That opinion was never adopted by this court. The conclusions of the commissioners, recommending an affirmance of the judgment, were alone approved. This court did not become responsible for the reasoning by which those conclusions were reached, or for any of the doctrines incidentally announced in the course of the opinion. The case is improperly in the reports, and is not binding upon us as authority.

For the purposes of that case it was not necessary to hold that the grant to the Gulf City company of the right to build a railway upon certain streets, already named in the grant made to the Galveston City Railway company, was a withdrawal, as to these streets, of the privilege previously accorded to the latter company. It was enough that the right to operate a road on these streets was given to the plaintiff in error by the city council, with the approval of the legislature. This conferred upon it, at least, the right to use these streets for railway purposes. Whether it deprived the other company of the same right was of no importance, so far as the decision of that case or the present is concerned.

Neither the charters of these companies, nor the ordinances of the city giving them the right to construct and operate railroads upon these streets, purport to convey an exclusive privilege. Hence, we have neither to pass upon the power of the city to create such a monopoly in her streets, nor to determine whether, in case she had properly exercised such a power in reference to the defendant in error, she could still, under the circumstances of the case, subsequently authorize the plaintiff in error to use any portion of the same streets for railway purposes.

The grants not having been expressly made exclusive, the question is: What was the extent of the privilege conferred by these ordinances and the acts of the legislature?

The charters and ordinances, under which each company claimed the right to build and run its road, conferred upon it the franchise of so doing upon a portion of the streets of the city, subject to certain conditions and restrictions. Some of these were named—others are implied by law. Each company obtained, in effect, the right to use so much of the streets upon which its road might be built as was necessary to lay its track, side tracks, etc., and run its cars, but not to prevent the public from making use of the same streets, either upon foot, or on horseback, or in vehicles. The inconvenience to which the public was to be subjected was only such as naturally attended

the use, by the company, of such portion of the streets as was necessary for the operation of its road. In fact, the city retained all the control it formerly possessed over these streets, subject only to the right of using the portion covered by its track, which was vested in the railway company. The use even of that portion of the street was not exclusive, except in so far as other railways were concerned, these not being allowed to take or use the track laid by the company, except to cross them. Jersey City and Bergen R'y Co. v. Jersey City and Hoboken Horse R'y Co., 20 N. J. Eq. 61. But the track of the road was left as free to the public, for all ordinary uses, as that portion of the street was before the enactment of the charter and ordinances through which either company claimed to use the streets for their railways. Over that portion of any street upon which its track, switches or turn-outs did not lie, the company had no authority. The city's dominion over it remained unchanged and unimpaired, and was as full and complete, for all purposes, as it had been over the entire street before the privilege of constructing a road upon it had been granted to the company. If, therefore, the city should choose to grant another company the privilege of laying a track upon the same street, the company already operating a road there would have no right to object, so long as the free and unobstructed use of its own track was not interfered with. The legislature consenting, the new grant could be made, and the fact that the new grantee was a rival company, and would compete for the passenger trade upon the route and diminish the profits which the first company would otherwise realize, would furnish no reason why the grant should not be made. The only pre-requisite to the exercise of this power seems to be that it should be authorized by the legislature. The elder grant made to the defendant in error, though sanctioned by the legislature, was not exclusive, and that company had no more right to prevent the plaintiff in error from building its road along the streets named in the city ordinances designating its route than had any private resident of the city. 2 Dillon on Mun. Corp., 727; Mkt. St. R'y Co. v. Central R'y Co., 55 Cal. 583; N. Y. & H. R. Co. v. R'y Co., 50 Barb. 285.

As to what effect upon this question the width of the street would have is not for us to determine in this case. If wide enough for each railway company to operate its cars without inconvenience to the other, complaint that foot passengers, horses or vehicles will not have room for the free use of the street cannot come from either of the companies. It would be a matter for the city authorities and the legislature to take into serious consideration before allowing a track to be laid upon a street already occupied in this way.

. But neither company was using a track upon either of the streets now in question. Neither had acquired a right to the center of these streets by actual occupancy. The grant to each was sanctioned by the legislature. The court was not authorized, under the facts before it, to adjudge in favor of either party a superior right to operate a railway upon these streets. It follows, as a matter of course, that neither company could prevent the other from running its railway upon them, and that an attempt to do so might be restrained by injunction ; and we think that the court erred in not extending its injunction to the streets in controversy in this proceeding. The judgment of the court below will, therefore, be reversed as to that portion of it which fails to enjoin the defendant in error from interfering with the Gulf City Railway company in constructing and operating its railway upon Avenue H, Twenty-ninth and Twentieth streets, and Church street or Avenue F, in the city of Galveston, and will be so reformed as to perpetuate the injunction as to those streets, as well as the others as to which it was made perpetual by the judgment of the court below.

REVERSED AND REFORMED.

[Opinion delivered February 16, 1886.]