TEXARKANA & FORT SMITH RAILWAY COMPANY v. TEXAS & NEW
ORLEANS RAILWAY COMPANY ET AL.

Decided March 5, 1902.

**1.—Railway Company—Right to Use Street—Injunction.**

Where a railway company obtained from the commissioners court permission to construct a spur track along a public road, and after it was so constructed the road became a public street and the city council ratified the grant and use, such company was entitled to enjoin another railway company from using such track.

**2.—Same—Ultra Vires—Trespasser.**

A railway company can not justify its entry as a trespasser upon the spur track of another company on the ground that the act of the latter company in building the track was ultra vires.

**3.—Same—Joint Spur Track to Lumber Mill.**

Where a railway company and a lumber company jointly construct a spur track from the former's line to the latter's mills, the latter has not the right to authorize other railway companies to use such spur track.

**4.—Same.**

The railway company could not, as against the lumber company, gain exclusive control of such spur track by obtaining a permit in its own name from the city council to use the street for such track, but it could enjoin the lumber company from pulling up the iron and placing new iron on the track with the intention of ousting the railway company.

**5.—Same—Track in Street—Power of City.**

Where a city council has granted to a railway company permission to construct its track in a street, it can not afterwards, without the consent of such company authorize other railroads to use the track, although the grant be not exclusive.

Appeal from Jefferson.   Trial below before Hon. Stephen P. West.

*Greer, Greer & Nall,* for appellant.

*J. W. Terry, F. J. & R. C. Duff, Baker, Botts, Baker & Lovett, Watts, Chester & Ellison, O'Brien & Bordages,* and *Geo. C. O'Brien,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by the Texas & New Orleans Railway Company to enjoin the Texarkana & Fort Smith

Railway Company, the Beaumont Wharf and Terminal Company, and the Beaumont Lumber Company from taking possession of and using and operating a spur track or freighter's switch leading from the plaintiff's main track, in the city of Beaumont, along Main street to the Beaumont Lumber Company's mill, and to prevent them from tearing up and removing any part of said spur track. A temporary writ of injunction was granted. The Texarkana & Fort Smith Railway Company filed special exceptions, and answered that it was not seeking to use or enjoy the spur track to the exclusion of the plaintiff, but wished to use it under the provisions of a certain ordinance of the city of Beaumont for the purpose of receiving freight from, and delivering it to, people living along the spur track. The wharf company answered to the same effect, and also claimed a conveyance from the lumber company of a right to use and occupy the spur track. The lumber company claimed an interest in the spur track under an agreement between it and the plaintiff by which it had furnished labor and material to assist in building the spur track. The court perpetuated the injunction as to the Texarkana & Fort Smith Railway Company, and the temporary injunction was dissolved in so far as it inhibited the Beaumont Wharf and Terminal Company from operating its trains and cars over the spur track from College street to the mills of the Beaumont Lumber Company for the business of said last named company, but perpetuated it in other particulars; and as to the Beaumont Lumber Company, the injunction in so far as it inhibited the taking up of the iron of the switch and replacing it with other iron was perpetuated. The appeal was perfected by the Texarkana & Fort Smith Railway Company. The Texas and New Orleans Railroad Company has filed cross-assignments of error.

There is no statement of facts, but it is established by the findings of fact of the trial judge that the spur track or switch was constructed in 1877 for the purpose of removing lumber from the Beaumont Lumber Company's mill. Other freight was delivered from time to time on said spur. The switch was built mostly over what was, at the time, a public road or highway, by permission of the Commissioners Court, said permission being given to the Texas & New Orleans Railroad Company and Beaumont Lumber Company. In 1899, the spur track being then within the limits of the city of Beaumont, the said city granted the right to use the switch to said railroad company alone. The switch is not embraced in the right of way of the railroad company. The contract as to the switch between the lumber company and the plaintiff was to the effect that the lumber company should procure the right of way and furnish the wooden material, such as ties and trestle timbers, and that the railroad company furnish the iron and construct the switch, the lumber company paying the cost of construction. In pursuance of the agreement the lumber company purchased a lot and a half for right of way, and obtained permission from the Commissioners Court to construct the switch along the public road, now Main street. The

parties executed the contract in other particulars, and the switch was used to deliver freight from the railroad to the mill and from the mill to the railroad.    Neither ever did anything indicating a desire to repudiate the contract until the railroad company, from 1894 and on, rendered the spur for taxation as its property, and procured an ordinance from the city of Beaumont in 1899 giving it the right of way over the street.    At the time the temporary writ of injunction was granted the Beaumont Lumber Company had purchased iron, and intended to pull up the iron of plaintiff and oust it from the switch.    No finding is made as to what the Texarkana & Fort Smith Railway Company or the Beaumont Wharf and Terminal Company had to do with the spur, or show that they had any connection with it.    It is admitted, however, in the pleadings of those parties that they have entered upon and were using the spur track or switch, and the trial court found that those parties were granted, by an ordinance of the city of Beaumont, the right of way over and use of the switch.    The briefs of all parties proceed upon the existence of such facts.

It must be kept in mind that this is not a contest between abutting land owners and the railroad company, but the suit grows out of the attempt upon the part of other railway companies to enter upon and use a railroad spur or switch built by another railroad without its consent and without compensation to it.    So far as this case is concerned, it must be viewed as though abutting owners on the road or street were entirely satisfied with the location of the spur track.  The Commissioners Court, to whom is intrusted the general control and superintendence of all roads and highways, had granted to the railroad and lumber company the right to lay the track along the road, and as long as such control lasted allowed the parties to remain in undisturbed possssession of the track.    When the road passed into the control of the city of Beaumont, no protest was raised against the use of the street, but in 1899 the right to the use of the street was ratified and indorsed by the city council.    It may be that the plaintiff in the lower court had no charter authorizing it to build the spur track; still we are of the opinion that the protection accorded by the law to property rights will not be withdrawn because a corporation may have placed the property in a spot or locality not specially authorized by its charter.

If the charter of the railroad company did not authorize it to build the spur in question, the building of it was merely an act ultra vires of its charter, and the doctrine is well established, that, ordinarily, no one can take advantage of or set up such fact except the State.    Russell v. Railway, 68 Texas, 646; Thomp. on Corp., sec. 5795, and authorities cited; Bank v. Matthews, 98 U. S., 628.

It is well settled that a corporation that has received a grant to land may maintain an action for it against a trespasser to recover possession of it; and the trespasser will not be heard to question the title of the corporation on the ground that it had no authority to take the land.

Dill. Mun. Corp., sec. 444; Southern Pac. Co. v. Orton, 6 Sawy. (U. S.), 157; Hamsher v. Hamsher (Ill.), 8 Law. Rep. Ann., 556; Gilbert v. Holl (S. D.), 49 N. W. Rep., 1.

In the case of Railway v. Ellerman, 105 United States, 166, it was said: "The State has a legal interest in preventing the usurpation and perversion of its franchises, because it is a trustee of its powers for uses strictly public." It was held in that case that Ellerman could not set up the fact that the railroad company had exceeded the authority of its charter in the use of a wharf. "If he alleges," says the court, "that the railroad company is acting beyond the warrant of the law, the answer is that a violation of its charter does not of itself injuriously affect any of his rights. The company is not shown to owe him any duty which it has not performed."

In this case the Texas & New Orleans Railroad Company had possession of and was operating its cars over a side track or spur which had been built by it and the lumber company and maintained for many years, and this possession is disturbed by other railway companies who seek to justify their unlawful entry upon the property on the ground that the possessor of it was acting ultra vires its charter and in derogation of law when it built the road. In other words, trespassers enter upon property and seek to hold it on the ground that the party holding possession of it is also a trespasser.

It is the rule in Texas, in land cases, that the plaintiff's prior actual possession is sufficient upon which to maintain an action in trespass to try title as against mere strangers and wrongdoers, and it is not incumbent on such actual possessor to prove that his prior possession was rightful. Davis v. Loftin, 6 Texas, 489; Linard v. Crossland, 10 Texas, 462; Express Co. v. Dunn, 81 Texas, 85; Bonner v. Wiggins, 52 Texas, 125. Such being the rule, there can be no doubt as to the right of the party in possession of the spur track to prevent, by injunction, a trespass upon the property.

The Beaumont Wharf and Terminal Company, in its answer, seeks to justify its use of the spur track on the ground that the lumber company had granted it permission to do so. There is no fact in the findings of fact supporting the plea, but if there had been proof of such permission having been granted, we do not think it would have been any defense to the action. The agreement between the lumber company and the railroad company precludes the idea that any power resided in the first named company to grant other railroads the privilege of using the spur track built by it and the railroad company. The primary object of the construction of the spur track was to furnish the lumber company easy access to the main track of the railroad company, and while the former might have the right to have its lumber carried over said switch by the Texas & New Orleans Railroad Company, to be delivered to other railways, it could not authorize such other railways to invade the track built and intended for the sole use of the parties to

the contract. Neither do we think that the plaintiff in this suit could gain entire control, to the jeopardizing of the interests of the lumber company, by obtaining a permit in its own name to use the street for the spur track.

It is true, as contended by appellant, that the authority given by the city council to the Texas & New Orleans Railroad Company, to use the street, was not exclusive, and that it could grant the right to other companies, but it can not grant the right to one railway company to use a street and after the track has been constructed authorize other railways to use that track. The enforcement of such doctrine would amount to a license to confiscate and appropriate private property without compensation, and could not be tolerated in any enlightened country. Railway v. Railway, 65 Texas, 502; Wharf Co. v. Railway, 81 Texas, 494.

We have discussed this case upon the theory that the Texas & New Orleans Railroad Company might be a trespasser upon the street, as contended by the other parties to the suit, but we are of the opinion that the county and city authorities had the power to grant the use of the road or street as was done in this case, and that the Texas & New Orleans Railroad Company was in lawful possession of the spur track. Rische v. Transportation Co., 66 S. W. Rep., 324.

The judgment, in so far as it enjoins the Texarkana & Fort Smith Railway Company from using or in any manner interfering with the spur track, and in so far as it restrains the Beaumont Lumber Company from taking up iron on said spur track and replacing it with other iron, is affirmed, but it is reversed as to that portion which dissolved the temporary injunction inhibiting the Beaumont Wharf and Terminal Company from the use of said spur track, and it is the judgment of this court that said Beaumont Wharf and Terminal Company is forever enjoined from operating its trains and cars over any part of said spur track, or from interfering in any manner with said track. Affirmed in part and reversed and rendered in part.

*Affirmed in part; reversed and rendered in part.*