MILLER et al. v. SNELLEN et al.

No. 12017.

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1949.

Samuel J. Lee, of Angleton and J. B. Clegg, of Trinity, for appellants.

A. R. Rucks, of Angleton, for appellees.

CODY, Justice.

This is in the nature of a companion case to Snellen et ux. v. Brazoria County, 224 S.W.2d 305, numbered 12,111 on the docket of this court, the opinion in which is this day handed down. Because of that opinion, it will not be necessary to make a full statement of facts in this case.

As stated in cause No. 12,111, the commissioners' court of Brazoria county undertook to grant permission to the Pearland Volunteer Fire Department to build a fire station on the site in the "esplanade" of Grand Boulevard as set forth in cause

No. 12,111. On August 16, 1947 certain owners of lots located in Pearland, including John P. Snellen brought suit in the district court of Brazoria county against the commissioners' court and against the members of the volunteer firemen's company to cancel the purported permission to erect the fire station on the stated site, and to prevent the erection of said fire station upon the grounds that the erection thereof upon said site would constitute an unlawful appropriation of the street to a purpose of which was inconsistent with the public use to which same had been dedicated in 1894. As further indicated in cause No. 12,111, the district court trying the case without a jury, rendered judgment cancelling the permission given by the order of the commissioners' court, and enjoined the erection of said fire station, and ordered the removal of so much thereof as had been erected. No findings of fact or conclusions of law were filed in the case. As further stated in cause No. 12,111, the consideration of the appeal in this case was postponed upon the motion of all interested parties so that this case and cause No. 12,111 could be submitted on the same day, and considered together.

Appellants have predicated their appeal upon nine points which we consider unnecessary to set forth and treat in detail. In support of their contention that the commissioners' court had the power to close the site, and to grant permission to have a fire station erected thereon under Art. 6703, R.C.S., appellants rely chiefly on Texarkana & Ft. S. R. Co. v. Texas & N. O. R. Co., 28 Tex.Civ.App. 551, 67 S.W. 525. In holding that the commissioners' court had the power to grant a railroad company the right to put tracks in a county road the court took occasion to say, 67 S.W. at page 526: "It must be kept in mind that this is not a contest between abutting land owners and the railroad company, but the suit grows out of the attempt upon the part of other railway companies to enter upon and use a railroad spur or switch built by another railroad, without its consent, and without compensation to it. So far as this case is concerned, it must be viewed as though abutting owners on the road or street were entirely satisfied with the location of the spur track." The court here correctly ruled that the commissioners' court was without power over the opposition of abutting owners to divert a public road to another public purpose. City of Ft. Worth v. Burnett, 131 Tex. 190, 114 S.W.2d 220; Clement v. City of Paris, 107 Tex. 200, 175 S.W. 672. But in the exercise of its power of eminent domain the State, through its various arms, is not so limited, and the owner of private property which is taken has the right to adequate compensation, which in this instance was awarded to the abutting lot owners in cause No. 12,111.

Judgment of the trial court is affirmed.