

# The Attorney General of Texas

August 20, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Atkins
Ector County Attorney
Ector County Courthouse
Odessa, Texas 79761

Opinion No. MW-223

Re: Whether a county may charge a fee for use of airport easement granted in the past.

Dear Mr. Atkins:

You inquire about the authority of Ector County to charge a fee based on gross receipts to airport related businesses which operate from private property adjacent to the airport. The county has in the past granted some "through the fence operators" permanent easements to give them access to airport runways and taxiways. You wish to know whether you may now impose the gross receipts fee on (1) the use of easements granted in the past, and (2) the use of easements to be granted in the future.

You have sent us documents relating to the grant of an easement to a "through the fence operator." The grant describes the property interest conveyed as an easement to be used to build and maintain a permanent airplane taxi-way and tie-down area. Some language in the grant might indicate that the county only granted the privilege of using or improving airport space for commercial purposes. See V.T.C.S. art. 46d-4(a)(1). However, the grant and your request letter describe the interest as an easement, and our opinion is based on the assumption that you have correctly identified the property interest in question. But cf. Southwest Texas & International Flying Club v. City of Del Rio, 324 S.W.2d 40 (Tex. Civ. App. — San Antonio 1958, writ ref'd n.r.e.) (public grants are strictly construed against the grantee and in favor of the public). The grant recites consideration of $10 and benefits accruing to the county and the general public, and notes that the public has the right to use the taxi-way and tie-down area subject to the grantee's right to charge for the use thereof.

An easement is an interest in land. Settegast v. Foley Bros. Dry Goods Co., 270 S.W. 1014 (Tex. 1925). A public body must have statutory authorization in order to convey an easement. Attorney General Opinion H-472 (1974). In our opinion, Ector County had authority to grant an easement in the airport. Article 46d-3, V.T.C.S., provides in part:

> Except as may be limited by the terms and conditions of any grant, loan, or agreement pursuant to Section 12 of this Act, every municipality may by sale, lease or otherwise, dispose of any airport, air navigation facility or other property, or portion thereof or interest therein, acquired pursuant to this Act. [V.T.C.S. arts. 46d-1 to 46d-22] Such disposal by sale, lease or otherwise, shall be in accordance with the laws of this State, or provisions of the charter of the municipality, governing the disposition of other property of the municipality . . . .

(Footnotes omitted). This provision applies to airports established by counties pursuant to the Municipal Airports Act. See V.T.C.S. art. 46d-1(d). You have not informed us of any terms, conditions, or agreement undertaken pursuant to article 46d-12, V.T.C.S., that would prevent you from granting an easement over airport property. Article 1269h, V.T.C.S., gives the commissioners court additional powers over county owned airports:

> In addition to the power which it may now have, the Commissioners Court of any county . . . shall have the power to sell, convey or lease all or part of any airport or property connected therewith, heretofore established or that may be hereafter established . . . to any person, firm or corporation. . . .

Sec. 1 (E). This provision was enacted at the same session of the Legislature as the Municipal Airport Act and should be construed in harmony with it. Acts 1947, 50th Leg., chs. 114, 273. See Shaddix v. Kendrick, 430 S.W.2d 461 (Tex. 1968). In our opinion, these provisions authorize the commissioners court to convey an easement over the airport. We need not consider the effect of article 46d-4, V.T.C.S., which empowers the county to enter into contracts or leases for a term of up to forty years authorizing persons to use or improve airport space for commercial purposes.

When the county conveys an easement to any person, it must receive adequate consideration in order to avoid violation of constitutional prohibitions against the grant of public funds. See Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. — Waco 1938, writ dism'd); Attorney General Opinions H-520 (1975); H-472, H-403 (1974). The determination as to the adequacy of consideration is for the commissioners court in the first instance. The county may require as consideration for the grant of an easement annual payments based on a percentage of gross revenues derived from the commercial operation allowed. See Earl Hays Rents Cars v. City of Houston, 557 S.W.2d 316 (Tex. Civ. App. — Houston [1st Dist.] 1977, writ ref'd n.r.e.).

However, we do not believe the county may now exact additional consideration for the permanent easements it granted in the past. It does not contend that the grantee has used the easement in a manner inconsistent with the public use of the airport or otherwise used it in ways not within the grant. An easement is the property of the grantee. See Texas & P. Ry. Co. v. City of El Paso, 85 S.W.2d 245 (Tex. 1935) (easement in streets granted by city to railway is taxable as real estate). A county is bound by its valid conveyances of property. See Mortgage Investment Company of El Paso v. Bauer, 493

S.W.2d 339 (Tex. Civ. App. — El Paso 1973, writ ref'd n.r.e.); Seaway Company v. Attorney General, 375 S.W.2d 923 (Tex. Civ. App. — Houston 1964, writ ref'd n.r.e.). If the county wishes to recover possession of the easement in order to convey it on new terms, it must compensate the easement owner for his property. Tex. Const. art. I, § 17; State v. Meyer, 403 S.W.2d 366 (Tex. 1966); Miller v. Snellen, 224 S.W.2d 311 (Tex. Civ. App. — Galveston 1949, no writ).

## SUMMARY

A county may not charge additional consideration for the use of an easement over an airport validly conveyed in the past. The county may convey an easement over the airport in exchange for an annual charge.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G. Reid